IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KAREN A. CARROLL,<br><br>   Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>**Commissioner of Social Security,**<br><br>   Defendant. | Civil Action No. 7:12-CV-67 (HL) |

**ORDER**

  The Court has received and considered the Recommendation of the United States Magistrate Judge (Doc. 16) that this Court should deny Plaintiff Karen Carroll's appeal of the Commissioner of Social Security's final decision denying her application for disability benefits. The Court has also read and carefully considered Plaintiff's Objections to the Recommendation (Doc. 17) as well as Defendant's Response to Plaintiff's Objections (Doc. 18). The Court has made a *de novo* review of the Magistrate Judge's Recommendation.

  Plaintiff raises four objections to the Magistrate Judge's Recommendations. First, Plaintiff contends the Administrative Law Judge (ALJ) erred by failing to re-contact the consultative physician Dr. Paul Peach after the ALJ concluded Dr. Peach's opinion was inconsistent with the physician's own findings. Second, Plaintiff argues the ALJ improperly evaluated the opinion of

Plaintiff's treating physician. Third, Plaintiff asks this Court to reject the Magistrate Judge's recommendation regarding the ALJ's analysis of Plaintiff's credibility. Fourth, in conclusion, Plaintiff challenges the ALJ's determination that she could perform her past relevant work.

The Court will address each of Plaintiff's objections in turn. First, the ALJ did not err in deciding to not contact Dr. Paul Peach again. Although an ALJ does have "a basic obligation to develop a full and fair record," Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997), the ALJ remains free to reject a physician's opinion when the evidence supports a different conclusion, so long as the ALJ gives the reasons for doing so. Bloodsworth v. Heckler, 703 F.2d 1233, 1240 (11th Cir. 1983). Rather than finding Dr. Peach's report to be incomplete or inadequate, the ALJ found it to be inconsistent with the physician's own findings, and the reasons for rejecting the report were clearly stated. Plaintiff has not cited to compelling legal authority for her contention that a consultative physician must be re-contacted merely because the ALJ finds the medical report to be inconsistent.

Second, the ALJ provided "good cause" under Lewis v. Callahan, 125 F.3d 1436, 1440 (11 Cir. 1997), for finding little merit in Dr. Andrew Dekle's medical assessment. Dr. Dekle had last treated Plaintiff over a year before he completed the Residual Functional Capacity Questionnaire, and his responses conflicted with both his treatment notes and other medical evidence.

Third, substantial evidence calls the Plaintiff's credibility into question. Although an ALJ may not disregard subjective claims of pain out of hand, this was not done. In addition to the medical records and opinions undermining Plaintiff's disability claims, the ALJ also pointed to multiple facts damaging her credibility, including her professed inability to pay for doctor's visits although she successfully maintained an expensive tobacco habit. Making this observation complied with the correct legal standard.

Fourth, and finally, the record affords substantial evidence for the ALJ's conclusion that Plaintiff could return to her past relevant work as an appointment clerk. Boiled down, Plaintiff's final objection does no more than attack the ALJ's determination on the grounds that the hypothetical question posed to the vocational expert was based on faulty premises. Plaintiff contends the premises were faulty because the ALJ incorrectly formulated her Residual Functional Capacity and improperly questioned her credibility. Thus, this argument merely restates in summary form the individual objections considered above, and the Court does not need to address them again.

Plaintiff's Objections are overruled. The Court accepts and adopts the findings, conclusions, and recommendations (Doc. 16). The Commissioner's decision is affirmed pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 22nd day of August, 2013.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

scr